## SOUTHERN PACKAGE CORPORATION v. MITCHELL.
### No. 9127.

Circuit Court of Appeals, Fifth Circuit.
Jan. 30, 1940.

Rehearing Denied Feb. 23, 1940.

John Brunini, of Vicksburg, Miss., J. T. Drake and J. T. Drake, Jr., both of Port Gibson, Miss., and W. S. Henley, of Hazlehurst, Miss., for appellant.

Karl Weil, of Port Gibson, Miss., and J. D. Thames, of Vicksburg, Miss., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

Southern Package Corporation owned and operated a veneer mill at Port Gibson, Mississippi. The principal business of the corporation was the manufacture of veneer, a wood product made by cutting or peeling logs with the grain.

In June, 1938, Louis Mitchell, a laborer working at the mill, was sorely injured. He sued Southern Package Corporation for damages and the sole question submitted to the jury was whether or not the defendant had exercised due care to provide him with a reasonably safe place in which to perform his work. The jury returned a verdict for Mitchell, and from the judgment entered thereon the Southern Package Corporation has appealed.

In the manufacture of veneer the cores or hearts of logs cannot be used since they are solid and without grain. After logs were used at the veneer lathe there remained cores or cylindrical pieces of wood of varying lengths and diameters. These cores were moved from the veneer mill by means of an endless chain which by an automatic trip dumped them at a core saw used by the defendant to cut the cores into small lumber. The core saw was fed by means of a carriage which moved forward to bring the core in contact with the saw. Cores were fastened to this carriage by a device known as a "dog". Cores that were too short to be sawed into slats or small lumber were thrown aside and burned as fuel in the plant boilers. A practice had grown up whereby the sawyer placed such small cores on the carriage and passed them by the saw to the off-bearer who removed them and put them in a pile to be burned. These small cores were not fastened with the "dog", but were placed on the carriage loose and permitted to pass beyond the saw. While this dangerous practice had been prohibited by Gallman, the plant superintendent, it continued from time to time until one of the small cores while being passed down to the off-bearer struck the saw, was hurled from the carriage and struck Louis Mitchell on the head and chest, severely injuring him.

Mitchell's duties were to shovel sawdust from the pit beneath the core saw, place it in a wheel-barrow, and carry it to the boiler room to be burned as fuel. He had absolutely no duties with reference to the saw, and at the time he was injured he was engaged in doing the very work he had been instructed to do.

It is the law in Mississippi that the master has the nondelegable duty to use reasonable care to furnish the servant a reasonably safe place in which to work. The Supreme Court of Mississippi has repeatedly held that it will not assume the duty of prescribing methods by which an operation can be made safe, but that when facts in a given case warrant a finding that the master has not exercised reasonable care to provide a reasonably safe place in which employees may work, negligence is established, and the fellow-servant rule has no application. Scott Burr Stores Corporation v. Morrow, 182 Miss. 743, 180 So. 741; Adams v. Hicks, 181 Miss. 165, 178 So. 484; Cecil Lumber Co. v. McLeod, 122 Miss. 767, 85 So. 78, 11 A.L.R. 776; Wilbe Lumber Co. v. Calhoun, 163 Miss. 80, 140 So. 680.

At the close of the defendant's case, the witness Gallman, superintendent in direct control of the plant, was recalled to the stand and asked the following question: "Some question has arisen as to whether or not you knew whether or not the boy who was operating this saw would ride the short core that was too short to cut on the carriage." He answered, "No sir, I didn't know it. My instructions were to throw them out in the boiler room, which would take them in the opposite direction from the saw." The court sustained an objection to the question after it had been answered. The defendant corporation made no effort to show the purpose of the question, and no motion was made to have the answer excluded and it was left to the jury without further comment by the court. It appears that the question was asked in an effort to contradict one of the defendant's witnesses who had testified that Gallman

knew of the practice of using the carriage to pass cores by the saw. Furthermore, the latter part of the answer was not responsive to the question and the court will not be put in error for its ruling. Passing over the failure to assign grounds of objection and the lack of responsive answer to the question, and permitting the full force of the question and answer to take place with the evidence in the record will not absolve the defendant from negligence. Gallman was the superintendent in direct charge of the plant and it was not enough for him merely to make a rule and order that the cores should not be passed down on the saw carriage. The practice was an extremely dangerous one and Gallman knew this, and he knew or ought to have known by the exercise of due diligence that the practice was being continued. The master who promulgates rules must see to it that such rules are enforced. Albert v. Doullut & Ewin, 180 Miss. 626, 178 So. 312; Scott Burr Stores Corp. v. Morrow, 182 Miss. 743, 180 So. 741.

The jury found that the employer had not provided Mitchell with a reasonably safe place in which to work. The evidence was sufficient to support the verdict.

There is no reversible error in the record, and the judgment is affirmed.